IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL A. ELKINTON,

                Plaintiff,
  v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,
U.S. DEPARTMENT OF AGRICULTURE,
TRADE AND CONSUMER PROTECTION, and
THE PRESIDENT OF THE UNITED STATES,

                Defendants.

OPINION AND ORDER

13-cv-166-wmc

---

Plaintiff Cheryl A. Elkinton has filed this lawsuit against two agencies of the United States government and the president. She requests leave to proceed without prepayment of fees or costs. Accordingly, the court must review the proposed complaint to determine if her allegations are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court denies Elkinton leave to proceed with this case because her complaint is frivolous.

## ALLEGATIONS OF FACT

Elkinton is a resident of Madison, Wisconsin. She sues the United States Environmental Protection Agency, the United States Department of Agriculture, Trade and Consumer Protection, President Barack Obama, members of his cabinet and staff.

Elkinton takes issue with the City of Madison's "policy" of applying "rock salt" to icy roads and sidewalks during the winter months. Elkinton notes that the corrosive effect of rock salt harms boots, bicycle tires, and the undercarriage of motor vehicles. She reports that rock salt caused a wheel to come off her new rolling suit case and has damaged the "unprotected feet of pets" and city wildlife. Given these effects, Elkinton contends that toxic rock salt is polluting the environment and is neither "necessary" nor practical to alleviate icy conditions on the roadways. Elkinton asks the EPA to develop a national policy that would substitute "plain dirt, or dirt mixed with sand," instead of rock salt. She also asks for "federal agent" to investigate and sue companies that manufacture rock salt for damage to carpet and the environment.

OPINION

A district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). To the extent that Elkinton takes issue with a policy or practice attributed to the City of Madison, generalized allegations are typically insufficient to invoke federal jurisdiction. *See G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540-41 (7th Cir. 2012) (explaining that "when the harm alleged in the complaint is a generalized one shared in substantially equal part by a large class of citizens, that harm alone normally

2

will not warrant the exercise of federal jurisdiction") (citations omitted). Although Elkinton's complaint could be liberally construed to raise some sort of citizen's suit against the EPA, her claims fall far short of the showing necessary to invoke federal court jurisdiction. *See, e.g., Scott v. City of Hammond, Ind.*, 741 F.2d 992, 995-96 (7th Cir. 1994) (discussing the proper use of a citizen's suit to challenge an agency decision or failure to discharge a non-discretionary duty). Accordingly, the complaint is dismissed as frivolous.

The court notes that this is the fifth lawsuit filed by Elkinton within the last six months. All four of her previous cases made frivolous claims against President Obama, members of his cabinet, and one or more federal agencies. *See Elkinton v. President of the United States, et al.*, 12-cv-681-wmc (W.D. Wis.); *Elkinton v. President of United States and Cabinet, et al.*, 12-cv-694-wmc (W.D. Wis.); *Elkinton v. Obama, et al.*, 12-cv-717-wmc (W.D. Wis.); *Elkinton v. President of Us All*, 12-cv-769-wmc (W.D. Wis.). Elkinton is warned that she will face sanctions, potentially to include a bar on further filings and/or monetary penalties, if she continues to abuse scarce judicial resources with his frivolous filings. *See United States v. Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) (answering the question of what to do with a litigant who inundates the court with frivolous motions, imposing costs in time and paperwork on the court and its staff and delaying the disposition of meritorious matters and motions).

ORDER

IT IS ORDERED that:

1. Plaintiff Cheryl A. Elkinton's motion for leave to proceed *in forma pauperis* (dkt. # 2) is DENIED and the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. Elkinton is WARNED that she will face sanctions, including monetary penalties, if she continues to file frivolous complaints in the federal courts.

Entered this 5th day of April, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

4